UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ODDIE LEE MILLER, JR. : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | CIVIL ACTION NO.: 7:08-CV-21 (WLS) |
| Mrs. G. MOORE; Mrs. S. KALLER, : | |
| Mrs. STEVENSON; Mrs. SMITH; : | |
| Sgt. JEFF WALKER; Dr. MOODY; : | |
| STATE OF GEORGIA, : | |
| : | **RECOMMENDATION** |
| Defendants : | |

Plaintiff **ODDIE MILLER**, an inmate at Valdosta State Prison in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis*.

I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court is required to dismiss an *in forma pauperis* complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***,

416 U.S. 232 (1974). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See **Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*.

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff makes the following allegation against Mrs. Stevenson:

> I was taken to medical where Nurse Mrs. Stevenson was at front door . . . when we entered Sgt. Walker ask (sic) her could I masturbate. She stated he sure CAN. [H]e got (sic) a pecker don't (sic) he. She's never seen me before I went to ASMP and not treated me sense (sic) returning[.] [H]ow do (sic) she know anything about my medical condition. She violated my first Amendment . U.S.C. .

Plaintiff also alleges that Dr. Moody violated his first amendment rights when he affirmed that plaintiff did, in fact, have the ability to masturbate

These defendants' statements that plaintiff can masturbate, whether they are true or false, do not rise to the level of a constitutional violation. The Court simply sees no way that such statements violated plaintiff's First Amendment, or any other, constitutional rights.

Therefore, the Undersigned **RECOMMENDS** that these claims against defendants Stevenson and Moody be dismissed. Moreover, because this is the only claim in which defendant Stevenson is named, the Undersigned **RECOMMENDS** that she be dismissed from this action as well.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

Plaintiff states that he attempted to explain to Sgt. Walker that he did not masturbate in front of Defendant Moore. However, Sgt. Walker told him to "shut [his] damn mouth" and grabbed him "hard by the arm." Plaintiff alleges that such actions "harassed" him and violated his free speech rights. Threats, harassment, name calling, and verbal abuse do not amount to a violation of federal constitutional rights. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 988 (1983). Moreover, plaintiff does not allege he suffered any physical injury when Sgt. Walker grabbed him "hard by the arm." Without such, this claim is not actionable under § 1983. 42 U.S.C. § 1997e (e).

Therefore, the Undersigned **RECOMMENDS** that these claims against defendant Walker be dismissed. Moreover, since this is the only claim against defendant Walker, the Undersigned **RECOMMENDS** that he be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

Plaintiff alleges that his grievances have not been processed or returned to him. Plaintiff states that this denies him access to the courts. However, the Eleventh Circuit has held that a plaintiff has no constitutional right to participate in prison grievances procedures. *Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Therefore, a prison officials failure to process or respond to a grievances is not actionable under 42 U.S.C. § 1983.

Therefore, the Undersigned **RECOMMENDS** that this claim related to the grievance process be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

Finally, plaintiff has named the State of Georgia as a defendant in the heading of his complaint. However, the State has immunity from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of Sate Police*, 491 U.S. 58, 71 (1989).

Therefore, the Undersigned **RECOMMENDS** that the State of Georgia be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 8th day of February, 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb